CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 0 5 2013

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **DENNIS JAMES ADAMS,** | ) | **CASE NO. 7:13CV00554** |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| | ) | |
| **CAPT. DOUG TUCK, *ET AL.*,** | ) | **By: James C. Turk** |
| | ) | **Senior United States District Judge** |
| **Defendant(s).** | ) | |

Dennis James Adams, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that the defendant law enforcement officers conducted searches of two properties without his consent and used evidence from those searches against him, in violation of his constitutional rights. Upon review of the record, the court finds that the complaint must be construed as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, and summarily dismissed without prejudice for failure to exhaust state court remedies.[1]

### I

Adams is a pretrial detainee at the New River Valley Regional Jail. His statement of his claims is very short:

[1.] Officers entered the cartilage of Plaintiff without a search warrant, consent or probable cause. Nor did they view from state highway any questionable activity.

[2.] Officers then entered rental property that was rented by another person and entered the house on that property and held the search and seizure from both propert[ies] against Plaintiff.

[3.] Due process violations (1) speedy trial – requested by Plaintiff, in writing and verbally. (2) It will be ap[p]rox. 15 months of confinement at next court date of January 13, 2014. Plaintiff has not agreed to any continuances, postponements or any other type of delay.

---

[1] Rule 4 of the Rules Governing § 2254 cases authorizes this court to summarily dismiss a habeas corpus action if it is clear from the face of the pleading that petitioner is not entitled to relief.

Compl. 2. Adams also asserts that he has filed several motions in the Wythe County Circuit Court related to his criminal proceedings for over a year, with no response. As relief in this action, Adams seeks to "suppress questionable evidence, dismiss all charges, return items taken and, retribution for loss of wages, tools, [and] freedom." Id.

## II

When an inmate seeks to challenge the fact or duration of his detention, a civil rights complaint under § 1983 is not the proper legal remedy. Preiser v. Rodriguez, 411 U.S. 475 (1973); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). A detainee may raise such challenges to his detention only by filing a petition for a writ of habeas corpus, following exhaustion of available state court remedies. Id.; see also 28 U.S.C. § 2254(b) (regarding exhaustion requirement).

A district court is not constrained by a litigant's style of pleading or request for relief and may liberally construe a civil rights complaint as a habeas petition, pursuant to § 2254. Hamlin v. Warren, 664 F.2d 29, 30 (4th Cir. 1981). To determine whether an action is properly considered a habeas corpus petition requiring exhaustion of state court remedies pursuant to § 2254(b), rather than a civil rights complaint under § 1983, a court must consider whether the "core" of the litigant's claim concerns the fact or duration of the litigant's confinement. Preiser v. Rodriguez, 411 U.S. 475 (1973); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

In his first two claims, Adams alleges that the defendant officers conducted unreasonable searches and seized evidence later used against him in criminal proceedings. In essence, he claims that the defendants' actions in violation of his Fourth Amendment rights, in turn, caused him to be wrongfully confined. Similarly, in the third claim, Adams alleges that unnamed persons have deprived him of the right to a speedy trial, causing him to be wrongfully confined

2

for more than a year. Because Adams' claims thus contest the fact and duration of his confinement in the Virginia prison system, his claims for dismissal of his charges and release from confinement are not cognizable under § 1983, and his sole remedy is to bring a habeas petition under 28 U.S.C. § 2254. Preiser, supra. Therefore, the court concludes that Adam's claims are appropriately construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2254.[2]

Provided that a newly construed § 2254 petition meets the threshold requirements for habeas actions under this section, the court can address the petition's claims on the merits. Haines v. Kerner, 404 U.S. 519 (1972). Under 28 U.S.C. § 2254(b), however, a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which petitioner was convicted. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the § 2254 petition without prejudice to allow him to return to state court. Slayton v. Smith, 404 U.S. 53 (1971).

It is clear from the complaint and state court records available online that Adams has not yet stood trial on his pending criminal charges. In upcoming trial court proceedings, he may raise his claims of unreasonable search and seizure, suppression of evidence, and speedy trial problems. If convicted, he will then also have appellate and habeas corpus remedies available to him in the state courts. Because Adams clearly has not exhausted available state court remedies at this time, this court must summarily dismiss the petition without prejudice to allow him to pursue his claims first in state court. Slayton, supra. An appropriate order will enter this day.

---

[2] To the extent that Adams seeks monetary damages based on the defendants' alleged actions, his claims are barred under Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (finding that alleged violations of plaintiff's constitutional rights are not actionable under § 1983 if a finding in plaintiff's favor would necessarily invalidate his detention on pending charges or his conviction).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 5th day of December, 2013.

_James C. Turk_
Senior United States District Judge